STATE of Iowa, Appellee,

v.

Gary R. GRIMME, Appellant.

No. 68550.

Supreme Court of Iowa.

Sept. 21, 1983.

John R. Becker, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., Marcia Mason, Asst. Atty. Gen., and Michael S. McCauley, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON and WOLLE, JJ.

WOLLE, Justice.

Defendant Gary R. Grimme was charged, tried by jury, and convicted of the crime of willful disturbance in violation of Iowa Code section 718.3 (1981). Appealing from the conviction, he contends the trial court erred in denying his request to take depositions of certain state witnesses. He also contends the evidence was insufficient to sustain the conviction. The court of appeals found that the trial court abused its discretion in overruling defendant's motion to depose the state's witnesses filed on the day before trial. On further review, we vacate the decision of the court of appeals and affirm the judgment of conviction.

Defendant was charged with the serious misdemeanor of willful disturbance arising from an altercation on November 23, 1981 at the entrance to the room where the Dubuque County Board of Supervisors was holding a regularly-scheduled meeting. From the evidence the jury could reasonably have found that defendant was intending to enter the room to participate in the meeting at the same time that the county's personnel director, called by the board to attend, was walking up the stairs near the entrance to the meeting room. Just before the personnel director reached the top of the stairs defendant without provocation deliberately pushed the personnel director, causing him to fall into the room on his hands and knees. When the personnel director got up and turned around, defendant struck him on the jaw with his fist and began shouting angrily, using much abusive language directed at the supervisors. Defendant departed upon hearing that the police had been called. The altercation itself disrupted the meeting for one to four minutes, and the supervisors did not resume the business on their agenda for twenty to thirty minutes.

Defendant was arraigned on the charge of willful disturbance on December 23, 1981, and the trial court found him to be indigent and appointed as his attorney a lawyer whose office was in Dyersville, a town in Dubuque County about 25 miles from the city of Dubuque where defendant resides. Defendant met with his Dyersville attorney on the day of arraignment. Upon defendant's plea of not guilty, trial was scheduled for January 17, 1982.

On January 8, 1982 defendant's Dyersville attorney filed a motion for continuance of the scheduled trial, stating that he had had no contact with defendant since the arraignment despite several letters sent to him instructing him to stop by his office. Trial was rescheduled for February 1, 1982.

On January 27, the Dyersville attorney filed application for permission to withdraw as counsel, stating:

That despite numerous requests to do so, Mr. Grimme has failed to keep any appointments with this attorney, he has failed to keep this attorney advised of his phone number and address and that this attorney cannot be prepared for trial without being contacted by Mr. Grimme.

On February 1, the day set for trial, defendant appeared late and filed his own pro

se motion to appoint new counsel, contending it was unreasonable for him to have to travel to Dyersville to confer with his court-appointed attorney. He also moved for dismissal of the charges based upon "failure to prosecute him within the time prescribed by Iowa law" and his constitutional right to speedy trial. On the same day, February 1, the trial court entered an order granting only the request to change court-appointed counsel. The trial court said in its order that it was appointing a Dubuque attorney because "it would be more convenient for Mr. Grimme to see and speak with an attorney whose office was in the city of Dubuque."

Trial was scheduled for February 17, 1982, so for more than two weeks before trial defendant was represented by an attorney in Dubuque with whom defendant could conveniently consult. He made no request for a continuance of the trial date. He made no request for depositions until the day before trial when he moved for permission to take depositions of six state witnesses. He now contends the trial court's denial of that motion denied him a fair trial.

### I. *The Motion to Take Depositions.*

 A. Iowa Rule of Criminal Procedure 12(5) [now rule 12(6) ] provided:

> Depositions shall be taken hereunder within thirty days after arraignment, unless the period for taking is extended by the court for good cause shown.

Our discovery rules are to be liberally construed to effectuate the disclosure of relevant information to the parties, but we properly accord to our trial courts wide discretion in ruling upon discovery requests. *State v. Gates,* 306 N.W.2d 720, 725 (Iowa 1981); *Pollock v. Deere & Co.,* 282 N.W.2d 735, 738 (Iowa 1979). As we recently said in *State v. Gates:*

> This discretion vested in trial courts necessarily includes supervision of the exercise of discovery. Thus, although criminal defendants possess the right to depose witnesses to be called on behalf of the

State, this right is subject to reasonable regulation.

306 N.W.2d at 725. Here, because the very belated motion to take depositions would have necessitated a continuance of the jury trial scheduled for the next day, the discretion vested in the trial court is very similar to the discretion accorded when a defendant requests a continuance of any scheduled trial. Our court has long held that in granting or denying continuances the trial court's discretion is "very broad." *State v. McNeal,* 261 Iowa 1387, 1393–94, 158 N.W.2d 129, 133 (1968). A trial court's ruling on a motion for continuance "will not be interfered with on appeal unless it clearly appears that the trial court has abused its discretion, and an injustice has resulted therefrom." *State v. Elliston,* 159 N.W.2d 503, 509 (Iowa 1968) (continuance denied though trial counsel employed the day before trial); *see State v. Jacoby,* 260 N.W.2d 828, 833 (Iowa 1977) (motions for continuance denied though filed seven days and four days before trial). In such cases the court may properly consider not just the interests of the state and defendant in a speedy and fair trial but also the orderly administration of the court's business. See K. Dunahoo, The Scope of Judicial Discretion in the Iowa Criminal Trial Process, 58 Iowa L.Rev. 1023, 1053–54 (1973). There are sound reasons for according this considerable discretion to the trial court's determination of motions which will delay trial. As this court aptly said in *State v. Gartin,* 271 N.W.2d 902 (Iowa 1978):

> Trial court discretion is often accorded where, because of proximity to the trial process, the trial court is in as good or better position than the appellate court to make a determination in accordance with demands of justice.

271 N.W.2d at 910.

 The defendant had the burden to show affirmatively that the trial court's discretion was abused. Here defendant failed to make such a showing; each reason defendant urges as alleged abuse of discretion is rebutted by support in the record for

the trial court's denial of defendant's motion to take depositions.

Defendant contends he was unable to meet with the attorney from Dyersville during the 39 days that he was represented by that court-appointed attorney. We note, however, that they did meet in Dubuque on the day of defendant's arraignment, the very day which commenced the running of the usual 30-day period for taking depositions. Thereafter, the Dyersville attorney attempted repeatedly to get in touch with defendant; it was defendant who failed to respond to his attorney's letters, object to his attorney's suggestion that they meet in Dyersville, or promptly request appointment of other counsel. If defendant could not afford to travel to Dyersville he could at least have contacted the attorney by phone, left a phone number where he could be reached, or answered in writing the attorney's several letters requesting a meeting. When defendant appeared late on February 1 for the first scheduled trial, he prepared on his own and filed two handwritten motions which clearly expressed to the court his complaints. He should have so expressed himself to his attorney, by phone or in writing, well before that date.

■ Defendant also contends that the 30-day period for taking depositions had expired by the time his new Dubuque attorney was appointed. His argument suggests that each newly-appointed lawyer is entitled to a period of 30 days to take depositions in a criminal case, with no further showing of good cause necessary for establishing the exception in rule 12(6). We disagree. Rule 12(6) provides that ordinarily a party, not the party's attorney, has 30 days within which to take depositions as a matter of right. That time limit may only be extended upon a showing of good cause. The length of time an attorney has been in the case is just one of the several factors which the trial court should weigh in the balance before determining whether good cause has been shown. Other factors which may properly be considered include the rights of both parties to a fair and speedy trial and the court's legitimate concern for sound judicial administration.

In denying defendant's motion to take depositions the trial court expressed sound reasons for its ruling. The court first noted that the case had been pending for some time and had previously been scheduled for trial; the court then said:

The Court understands that the defendant's current counsel, Paul Fitzsimmons, has represented the defendant for a short period of time and that the motion to take depositions has been filed promptly from Mr. Fitzsimmons point of view.

The Court's ruling, however, is based upon the fact that the motion to take depositions is the defendant's responsibility. The fact that the case has been pending and that the defendant has been represented by counsel throughout the time indicates to the Court that the motion is not made in a timely basis. It is also significant to the Court that granting the motion would require continuation of the present trial setting. The Court feels that this is inappropriate since this is not the first trial setting and the jury has already been called.

The court properly emphasized that it was neither excusing nor laying the blame for late filing of the motion on defendant's recently-appointed Dubuque attorney. It properly determined that defendant himself, represented throughout the proceedings by court-appointed counsel, had not shown good cause for the belated request to take depositions.

It was also proper for the trial court to emphasize in its ruling its concern for sound judicial administration. Defendant had waited to file the motion to take depositions until the day before trial, when granting of the motion would have required another trial setting, calling off of the jury, and the disruption of the trial court's schedule.

The court did not abuse its discretion in deciding that good cause for the late taking of depositions had not been shown.

B. Additionally, defendant has not made the required showing that denial of his mo-

tion to take depositions was prejudicial. We held in *State v. Gates:*

> Error in the administration of discovery rules is not reversible absent a demonstration that the substantial rights of the defendant were prejudiced.

306 N.W.2d at 725. The minutes of testimony disclosed much of what defendant might have learned from depositions. He has not claimed surprise concerning the testimony of any state witness. Moreover, we do not agree with defendant's claim that depositions would have given him important information about discrepancies in the length of time the supervisors meeting was disrupted. The variance in the witnesses' estimates of the length of the actual disturbance—which ranged in minutes from "1 or 2" to "3 or 4"—was not of crucial significance to the issues. Defendant has not shown he was denied a fair trial by the denial of his motion to take depositions.

Applying our well-established principles of appellate review we conclude that the trial court did not abuse its discretion in denying defendant's motion to take depositions, and denial of the motion did not deprive him of his right to a fair trial.

II. *The Motion for Directed Verdict.*

In his appellate briefs defendant contends that the trial court erred in denying his motion for directed verdict of acquittal. He asserts that there was insufficient evidence to sustain the conviction. By implication, the court of appeals affirmed the trial court on that issue by remanding the case for a new trial. No new trial would have been necessary if the court of appeals had determined that the evidence at the first trial was inadequate to sustain the conviction.

■ We have reviewed the entire record in the light of applicable principles governing motions for directed verdict in criminal cases. We view the evidence in the light most favorable to the State and will uphold the verdict if there is any substantial evidence in the record tending to support each element of the charge. *State v. Aldape,* 307 N.W.2d 32, 39 (Iowa 1981). Although de-

fendant's testimony contradicted much of the evidence presented by the State, the credibility of the witnesses and weight of the evidence were for the jury to determine. *State v. Robinson,* 288 N.W.2d 337, 341 (Iowa 1980). Substantial evidence supported each element of the charge of willful disturbance and the trial court did not err in overruling defendant's motion for directed verdict of acquittal.

Finding that defendant received a fair trial and that adequate evidence of his guilt was presented, we uphold the jury's verdict and the judgment of conviction on the willful disturbance charge.

**DECISION OF COURT OF APPEALS VACATED; CONVICTION AFFIRMED.**