**STATE of Iowa, Appellee,**

v.

**Edward Lyle MORRIS, Appellant.**

No. 87–360.

Supreme Court of Iowa.

Dec. 23, 1987.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann L. Beneke, Asst. Atty. Gen., and Denver Dillard, Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

Defendant Edward Lyle Morris pled guilty to two counts of the felony operating while intoxicated (OWI), third offense, and one charge of driving under suspension, a serious misdemeanor. *See* Iowa Code §§ 321J.2(2)(c) and 321J.21 (1987). When the district court entered judgment on the convictions, Morris was sentenced to two concurrent terms of one year each on the OWI offenses, to be served consecutively to a one-year term of incarceration on the driving under suspension charge. He was remanded to the custody of the Linn County sheriff to serve time on all counts in the Linn County jail.

■ On appeal, defendant challenges the legality of his sentence. He claims that the consecutive sentences must be viewed as one continuous term in accordance with Iowa Code section 901.8, and that section 903.4 requires that he be committed to the custody of the director of the department of corrections, not the county jail, because the ordered period of incarceration exceeds one year. We agree and remand for resentencing.

Our review of the district court's sentence is limited to correction of errors at law. Iowa R.App.P. 4. We begin our inquiry with an examination of the judgment and sentencing procedures contained in Iowa Code chapter 901 (1987). By its terms, the chapter applies to "any public offense." Iowa Code § 901.2. Section 901.8 provides that "[i]f consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment." Section 901.7 requires that "[i]n imposing a sentence of confinement for more than one year, the court shall commit the defendant to the custody of the director of the Iowa department of corrections."

In the case of felons committed to the custody of the director, section 902.5 prescribes the place of confinement as "any institution administered by the director." In the case of misdemeanants, section 903.4 states "[a]ll persons sentenced to confinement for a period of one year or less shall be confined in a place to be furnished by the county where the conviction was had...." This same section goes on to reiterate the section 901.7 general limitation on county confinement by providing that

> [a]ll persons sentenced to confinement for a period of more than one year shall be committed to the custody of the director of the Iowa department of corrections to be confined in a place to be designated by the director....

Iowa Code § 903.4.

Notwithstanding this legislative scheme, the State defends the district court's imposition of two consecutive one-year county jail terms, citing the unique statutory treatment given third-time OWI offenders. The State claims the legislature exempted these felons from commitment to the custody of the director of the department of corrections under any circumstances. Our review of the pertinent legislation convinces us otherwise.

Under Iowa Code section 321J.2(2)(c), a third offense OWI is classified as a class "D" felony. A person convicted of a class "D" felony, not an habitual offender, would ordinarily be committed to the custody of the director of the department of corrections for an indeterminate term not to exceed five years. *See* Iowa Code §§ 902.3, 902.9(4). However, the legislature amended section 902.3 in 1986,[1] carving out the following exception applicable to defendant:

> [T]he court *may* sentence a person convicted of a class "D" felony for a violation of section 321J.2 to imprisonment for up to one year in a county jail under section 902.9, subsection 4, and the person shall not be under the custody of the director of the Iowa department of corrections.

(Emphasis added.)

Claiming this exception confers "favored status" upon felons convicted under section 321J.2, the State argues that the statute is directory, strictly prescribing the length and place of confinement. Moreover, the State asserts, the general sentencing provisions of section 901.8 (consecutive sentences viewed as one continuous term) and section 903.4 (incarceration exceeding one year to be served in custody of department of corrections) must yield to the specific statutes governing OWI offenders which make no mention of such limitations. *See Good v. Crouch*, 397 N.W.2d 757, 761 (Iowa 1986); Iowa Code § 4.7.

■ First of all, we disagree with the State's characterization of section 902.3 as imperative. By its terms, section 902.3 offers optional sentencing alternatives in the case of third-time OWI offenders. The legislation clearly enables the court to take advantage of community-based corrections appropriate for one defendant, while preserving the right to commit another defendant to the department of corrections when longer term incarceration is warranted.

Secondly, while we cannot quarrel with the general proposition that specific statutory provisions should prevail over general

ones, application of the maxim in the present case would work an unreasonable and unjust result. Under the State's theory, the district court would be permitted to sentence a defendant convicted in multiple third offense OWI prosecutions to multiple consecutive terms in the county jail. To the contrary, we are persuaded that the discretionary sentencing language of section 902.3 must be read in the light of sections 901.7, 901.8, 902.5 and 903.4 which express a clear legislative intent that no defendant should be held in a county jail facility for more than one year.

We conclude that the sentence imposed by the district court was not permitted by law and must be vacated. *See State v. Ohnmacht*, 342 N.W.2d 838, 845 (Iowa 1983); *State v. Tensley*, 334 N.W.2d 764, 765 (Iowa 1983). We therefore remand the case to district court for resentencing consistent with this opinion.

SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

1. 1986 Iowa Acts, ch. 1220, § 43.