**STATE of Iowa, Appellee,**

v.

**Aljoe Roger KAPELL, Appellant.**

No. 92–2078.

Supreme Court of Iowa.

Jan. 19, 1994.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget Chambers, Asst. Atty. Gen., Karl G. Knudson, County Atty., and Andrea Jordan, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Defendant, Aljoe Roger Kapell, appeals from the sentences imposed on his convictions of operating while intoxicated (OWI), second offense, and driving while license suspended in violation of Iowa Code sections 321J.2 and 321J.21 (1991).[1] On December 22, 1992, the district court sentenced Kapell to a term not to exceed two years on the charge of OWI and five days in the county jail on the charge of driving while suspended.

Kapell claims his sentences were illegal for two reasons. First, he asserts the trial court violated Iowa Code section 246.513 when it sentenced him to the Department of Corrections for placement in a community-based correctional facility. Secondly, Kapell asserts the trial court violated Iowa Code sections 901.8 and 903.4 by sentencing him to two years in the custody of the Department of Corrections with a consecutive sentence of five days in the county jail. We vacate and remand.

I. *Standard of Review.*

■ "Our review of the district court's sentence is limited to correction of errors at law." *State v. Morris,* 416 N.W.2d 688, 689 (Iowa 1987); Iowa R.App.P. 4. If the trial court's sentence is not authorized by statute, it is void. *Overton v. State,* 493 N.W.2d 857, 859 (Iowa 1992). Therefore, we examine the sentences imposed by the district court to determine whether they comply with the relevant statutes.

II. *Violation of Section 246.513.*

■ Kapell contends that the district court violated Iowa Code section 246.513 by sentencing him to the Department of Corrections for two years and then ordering that he complete the OWI continuum program in a community-based facility. Kapell asserts that section 246.513 gives authority only to the director of the Iowa Department of Corrections to assign offenders to a treatment facility. The State concedes that the director has this authority. The State argues, however, that the trial court's sentencing order did not infringe upon the director's right to choose the treatment facility. We agree.

Section 246.513 provides in pertinent part:

1. a. The department of corrections in cooperation with judicial district departments of correctional services shall establish in each judicial district a continuum of programming, including residential facilities and institutions, for the supervision and treatment of offenders convicted of violating chapter 321J *who are sentenced to the custody of the director. The department of corrections shall develop standardized assessment criteria for the assignment of offenders to a facility established pursuant to this chapter....*

....

b. [T]he offender *shall* be assigned to a community-based correctional program.

1991 Iowa Acts ch. 219, § 9, (amending Iowa Code § 246.513 (1991)) (emphasis added).[2] Thus, section 246.513 requires the Depart-

---

1. All references to the Iowa Code are to the 1991 Code, except citations to Iowa Code § 246.513. Citations to § 246.513 refer to that section as amended by 1991 Iowa Acts ch. 219, § 9.

2. In 1993 the Code editor transferred § 246.513 to chapter 904. Section 246.513 is now codified at Iowa Code § 904.513 (1993).

ment of Corrections to place an OWI offender such as Kapell in a community-based treatment facility. Because the Department of Corrections is assigned the task of developing criteria for the assignment of offenders to a facility, we conclude the department is given the responsibility to choose the appropriate facility.

The court's sentencing order reflected the impact of this statute:

The Defendant is adjudged guilty of the crime Operating While Intoxicated—Second Offense, in violation of Section 321J.2 of the Iowa Code.

IT IS THE SENTENCE OF THE COURT under that Section and Section 903.1, as follows:

. . . .

2. SENTENCE: *Defendant is sentenced to the Department of Corrections for two years and pursuant to Iowa Code Section 246.513 he shall complete the OWI Continuum program in a community-based facility,* such as the one in West Union, Iowa. The Defendant shall be held in the Winneshiek County Jail until such time as bed space becomes available.

(Emphasis added.)

We believe the court did nothing improper in sentencing Kapell to the Department of Corrections and also stating that "he shall complete the OWI Continuum program in a community-based facility." The court did not assign Kapell to a particular facility; that decision was left to the director of the Department of Corrections. Rather, the court merely informed Kapell that his sentence to the Department of Corrections would result in assignment to a community-based facility. We believe the court's statement of the statutorily-mandated outcome of a sentence to the Department of Corrections did not contravene section 246.513.

### III. *Violation of Iowa Code Section 903.4.*

■ Kapell also claims that his sentence for driving while license suspended is illegal because it violates sections 901.8 and 903.4. Section 901.8 states that consecutive sentences must be construed as "one continuous term of imprisonment." Section 903.4 provides in part:

All persons sentenced to confinement for a period of one year or less shall be confined in a place to be furnished by the county where the conviction was had unless the person is presently committed to the custody of the director of the Iowa department of corrections, in which case the provisions of section 901.8 apply. *All persons sentenced to confinement for a period of more than one year shall be committed to the custody of the director of the Iowa department of corrections to be confined in a place to be designated by the director* and the cost of confinement shall be borne by the state.

(Emphasis added.)

As noted above the court sentenced Kapell to the Department of Corrections for two years on the OWI conviction. The order directed that Kapell be held in the county jail until bed space became available in a community-based facility. The court also sentenced Kapell to five days confinement in a facility furnished by the sheriff for his conviction of operating while license revoked. Both parties agree that the court intended the sentences to be served consecutively.

Kapell correctly argues that the sentences constitute one continuous term of imprisonment under section 901.8. Therefore, in determining the propriety of the court's order, we treat the sentences on both charges as one. Because section 903.4 provides that a sentence of confinement for more than one year must be served in a place designated by the director of the Department of Corrections, Kapell contends that the court imposed an illegal sentence by ordering him to serve five days of his continuous term in the county jail. We agree.

Section 903.4 clearly requires that any person sentenced to confinement for a period of more than one year shall be committed to the custody of the Department of Corrections. Therefore, we do not believe the district court had authority to order Kapell to serve a jail sentence for driving while license suspended. We note, however, that section 246.513(1)(c) does give the district court the power to order Kapell to be held in jail until

there is space available in a community-based correctional program. *See* 1991 Iowa Acts ch. 219, § 9 (amending Iowa Code § 246.513 (1991)).

IV. *Disposition.*

The sentence ordered by the district court on Kapell's conviction of driving while license suspended was not authorized by statute. Therefore we vacate that sentence and remand this case to the district court for resentencing. Upon remand, Kapell should be sentenced to the Department of Corrections for this offense. The district court's sentence imposed upon the conviction of operating while intoxicated, second offense, is affirmed.

**AFFIRMED IN PART; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**