**STATE of Iowa, Appellee,**

v.

**Daniel John MELK, Appellant.**

No. 94–277.

Court of Appeals of Iowa.

Nov. 27, 1995.

David E. Brown of Hayek, Hayek, Brown & Engh, L.L.P., Iowa City, and Sheldon Davidson, Marilee Roberg, and Gregory N. Kazarian of Pedersen & Houpt, Chicago, Illinois, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, J. Patrick White, County Attorney, and Richard D. Westphal, Assistant County Attorney, for appellee.

Heard by DONIELSON, C.J., and HAYDEN and CADY, JJ.

CADY, Judge.

Daniel Melk appeals his conviction and sentence for operating while intoxicated (OWI), second offense, following a jury trial. He claims the district court erred in denying his motion to continue the trial, restricting his closing argument, and imposing sentence. We affirm.

Melk was arrested at 2:10 a.m. on September 12, 1993 for OWI shortly after Iowa City police officer Paul Jacobs observed Melk make a wide turn while driving his black Porsche automobile on a city street.

Melk performed several field sobriety tests near the scene of the stop prior to the arrest and acknowledged he had consumed three beers earlier in the evening. Melk refused to consent to the withdrawal of a body specimen after he was taken to the police station. He posted bond a short time later and was released.

Melk was represented by attorney Davis L. Foster, who filed an appearance on September 27, 1993. On October 14, 1993 the court scheduled the trial for January 3, 1994.

On December 20, 1993, Melk moved for a continuance of trial. The written motion was filed by attorney David E. Brown. It explained that Melk had experienced difficulty in contacting Foster to discuss the case, and Brown had been retained to represent Melk. The continuance was sought because Brown did not "believe" there was sufficient time to conduct an investigation and prepare for trial. In particular, the motion alleged additional time was necessary to depose the "State's witnesses," contact "witnesses" who were with Melk during the night of his arrest to arrange for them to testify at trial, and possibly retain "an expert witness." The district court denied the motion on December 22, 1993 without a hearing, or explanation.

The case proceeded to trial on January 3, 1994. The State's only witness was Officer Jacobs. On cross-examination, he testified, based on his experience and training, that a 180 pound man would need to drink about six beers in one hour to reach the presumptive level of intoxication of .10, and would "metabolize" approximately one beer an hour after consumption.

Melk, as well as two of his friends who were with him during the evening, also testified at trial. Melk told the jury he drank three beers during the evening over a period of approximately three hours. He testified he did not believe he was impaired.

During closing argument, Melk's counsel attempted to argue that the three beers consumed by Melk could not have caused him to be intoxicated because all the alcohol would have been metabolized by the time he was stopped. The State objected during the closing, claiming this argument was irrelevant since the case was not based on Melk's blood alcohol content. The district court sustained the objection.

Melk was convicted. The district court sentenced him to an indeterminate term to the Director of Adult Corrections not to exceed two years. The court then suspended all but fourteen days of the sentence and placed Melk on probation to the Department of Corrections for two years under such terms as they impose, including Melk complete a substance abuse treatment program within three months. Melk was also fined. In the written form order which followed, there was language pertaining to placement in an OWI facility established pursuant to Iowa Code section 246.513(1) (1993), and directed Melk to be held in the county jail pending assignment to the facility.

Melk appeals. He claims he was denied a fair trial based on the trial court's refusal to continue the trial and permit his attorney to make a permissible inference during the closing argument. He also contends the district court abused its discretion in imposing the maximum sentence, and in any event the sentence was illegal since it combined probation with a jail term.

### I. Continuance

■ The decision to grant or deny a motion for continuance of a criminal trial lies within the broad discretion of the trial court, and will not be reversed on appeal unless an injustice has resulted. *See State v. Grimme,* 338 N.W.2d 142, 144 (Iowa 1983). Continuances are discouraged, and may be granted only "upon a showing of good and compelling cause" or when necessary to obtain "substan-

tial justice." *State v. Simmons,* 454 N.W.2d 866, 868 (Iowa 1990); Iowa R.Crim.P. 8.1(2); Iowa R. Civ. P. 183(a). This standard recognizes the interests of the State and defendant in a speedy and fair trial, as well as the orderly administration of the courts. *See State v. Grimme,* 338 N.W.2d at 144.

■ Although the trial court would have been in a better position to exercise its discretion if a hearing would have been held before ruling on the motion for continuance, we cannot conclude the decision rendered by the court constituted an abuse of discretion. The thrust of Melk's claim on appeal is that his new attorney did not have adequate time to prepare for trial and was denied an opportunity to obtain an expert witness to testify about the metabolism of beer and combat the field sobriety tests.

We observe Melk filed the motion for continuance two weeks prior to trial. More importantly, the reasons urged in support of the continuance were vague and uncertain. The motion alleged that counsel "believe[d] additional time was needed to investigate ... [and] conduct discovery," "may" have difficulty making arrangements for out-of-state witnesses to appear, and "may" need to retain an expert witness. The only definitive reason was the need for additional time to depose the State's witnesses. However, the State only called one witness at trial, the arresting officer, whom defense counsel had deposed several days before trial.

In view of the time period remaining before trial and the failure to articulate specific grounds to support a continuance, the court acted within its discretion in denying the motion on December 22. No "good and compelling cause" was presented, nor would "substantial justice" have been fostered by granting a continuance at that time.

We also observe Melk presented no supplemental motion for continuance to the court prior to the commencement of trial indicating an expert witness had been retained but was unavailable to testify or was still needed but not yet retained, critical witnesses were unavailable testify, or that any of the other reasons set forth in the written motion were still present. The vigorous ar-

gument used by Melk on appeal that an expert witness was essential to his defense to explain the metabolism process and its effects on intoxication was never presented to the trial court. This argument was first developed on appeal, and we confine our attention to the issues urged at trial. *See State v. Hansen,* 286 N.W.2d 163, 165–66 (Iowa 1979).

## II. Closing Argument

 The single purpose of closing argument is to assist the jury in analyzing, evaluating and applying the evidence. *United States v. Dorr,* 636 F.2d 117, 120 (5th Cir. 1981). It is a time for counsel to draw conclusions from the evidence introduced at trial and argue all permissible inferences. *State v. Phillips,* 226 N.W.2d 16, 19 (Iowa 1975). The scope of closing arguments, however, is not strictly confined, but rests largely with the sound discretion of the trial court. *See State v. Niccum,* 190 N.W.2d 815, 829 (Iowa 1971). In exercising this discretion it is recognized counsel should be given latitude to make comments and arguments within the framework of the legal issues and evidence. *See State v. Thornton,* 498 N.W.2d 670, 676 (Iowa 1993). This latitude is compatible with effective advocacy. On the other hand, counsel has no right to create evidence by argument or express personal beliefs. *State v. Phillips,* 226 N.W.2d at 19.

 In this case, we need not determine if the trial court abused its discretion by limiting the closing argument. Trial court error does not require reversal absent resulting prejudice. *State v. Boley,* 456 N.W.2d 674, 678 (Iowa 1990). Prejudice is presumed when error occurs unless the contrary is affirmatively established. *State v. Gansz,* 376 N.W.2d 887, 891 (Iowa 1985). When the error does not implicate a constitutional right, the test of prejudice is whether it sufficiently appears the rights of the complaining party have been injuriously affected or the party has suffered a miscarriage of justice. *Id. See generally* Dick R. Schlegel, *The Evolution of Harmless Error in Iowa: Where Do We Go From Here,* 43 Drake L.Rev. 547 (1995).

 We conclude any error by the trial court in refusing to allow defense counsel to argue the beer consumed by Melk would have metabolized by the time of his arrest was harmless. In reaching this conclusion, we examine the alleged error in the entire context of the trial. *See State v. Droste,* 232 N.W.2d 483, 491 (Iowa 1975) (cumulative effect of trial errors resulted in denial of fair trial).

We first observe that defense counsel was not restricted in his other arguments to the jury. Melk's counsel acknowledged he was permitted to argue Melk was not intoxicated, because he had "consumed only three beers in the space of approximately three hours." He was also permitted to summarize the testimony by Jacobs that "the presumptive level of alcohol concentration for an OWI case was .10;" that "an average sized man would need to drink six beers in an hour to reach the presumptive level" and would "metabolize one beer an hour after consumption." Defense counsel was only restricted from concluding the argument by telling the jury the evidence means Melk could not have been intoxicated because he would have metabolized all the beer he had consumed prior to the stop.

Furthermore, neither Melk nor the State presented evidence at trial explaining the scientific process of metabolism and its effects on intoxication. Thus, although the restricted portion of the argument could be inferred from the evidence, its strength was diminished without evidence explaining metabolism.

Finally, the court instructed the jury they could draw reasonable deductions in considering the evidence. This instruction alone would not render improper limitations on closing arguments harmless, but is a factor to consider, especially when only a portion of the argument was restricted. We conclude Melk suffered no prejudice.

## III. Sentencing

 We review a district court's sentence to correct errors at law. *State v. Morris,* 416 N.W.2d 688, 689 (Iowa 1987); Iowa R.App.P. 4. A sentence must comply with all applicable statutes. If a sentence is not au-

thorized by statute, it is void. *State v. Kapell,* 510 N.W.2d 878, 879 (Iowa 1994).

Melk asserts the sentence imposed by the district court violated Iowa Code section 907.3 (1993) because it imposed a fourteen day jail sentence as a condition of probation and required that he "be held in the county jail pending assignment by the Department of Corrections to a judicial district OWI facility." [1] He argues the court has no authority to impose a jail term as a condition of probation. *See State v. Tensley,* 334 N.W.2d 764, 765 (Iowa 1983).

We disagree with Melk's contention that the trial court suspended the sentence upon the condition that a fourteen day jail sentence be served. Instead, the court suspended all but fourteen days of the indeterminate term, and placed Melk on probation. The jail term was not imposed as a condition of probation. It was imposed as an additional specific penalty required under Iowa Code section 321J.2(2)(b) (1993). Thus, in addition to the sentencing options for an aggravated misdemeanor the court was required to impose jail time or incarceration in a community-based correctional facility of not less than 7 days. Iowa Code § 321J.2(2)(b) (1993). Furthermore, even if the sentencing court intended to hold Melk in the county jail pending assignment to a district OWI facility, such a provision would be authorized under Iowa Code section 904.513(1)(c) (1993). *See State v. Kapell,* 510 N.W.2d at 880–81 (Iowa 1994).

We also reject Melk's claim that the district court abused its discretion in imposing the particular sentence. Discretion is abused in sentencing when exercised on grounds or reasons that are clearly untenable or to an extent clearly unreasonable. *State v. Garrow,* 480 N.W.2d 256, 259 (Iowa 1992).

The record in this case fails to disclose the sentencing judge based the sentence on untenable or unreasonable grounds or reasons. To the contrary, the court relied on an alcoholism and substance abuse report,

together with the evidence at trial and Melk's prior record. Although the sentence exceeded the recommendation of the prosecutor, we cannot conclude the district court abused its discretion.

**AFFIRMED.**

DONIELSON, C.J., concurs.

HAYDEN, J., dissents.

HAYDEN, Judge (dissenting).

I respectfully dissent. The majority determined defendant was not prejudiced by the trial court not allowing his attorney to make an argument about the alcohol having metabolized from his system by the time of his arrest.

There was sufficient evidence in the record for defendant's attorney to comment on this to the jury. This is defendant's attorney's responsibility, and he should not have been prevented by the trial court from doing so. This was an abuse of discretion by the trial court. This constitutes error.

Unlike the majority, I determine this error was prejudicial to defendant. The jury's verdict could very likely have been different. The jurors could very likely have determined defendant was not under the influence of alcohol at the time of his arrest. I would reverse the trial court and remand for a new trial.

---

1. Melk did not raise an issue concerning the variance between the oral sentence and the written judgment. We observe the written judgment entry controls when it differs from the oral sentence. *State v. Suchanek,* 326 N.W.2d 263 (Iowa 1982). We also observe errors in the record arising from oversight may be corrected by the court at any time. *See* Iowa R.Crim.P. 22(3)(g).