# IN THE COURT OF APPEALS OF IOWA

No. 17-1640
Filed December 5, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM E. CRAWFORD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.

        William Crawford appeals the judgment and sentence imposed following his

second-degree-murder conviction. **CONVICTION AFFIRMED, SENTENCE**

**VACATED IN PART, AND REMANDED.**

        Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

        Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

A jury convicted William Crawford of second-degree murder for his role in the 2016 stabbing death of Romane Nunn. On appeal, Crawford challenges the district court's rulings denying his motion to continue trial and admitting a video recording of his police interview into evidence. He also challenges the portion of his sentence requiring the assessment of appellate attorney fees.

**I. Denial of Motion to Continue.**

Crawford contends the district court abused its discretion in denying his motion to continue trial. Our standard of review of depends on the grounds for the motion. *See State v. Clark*, 814 N.W.2d 551, 560 (Iowa 2012). Generally, we review the denial of a motion for continuance for an abuse of discretion. *See id.* This standard is a difficult one to meet. *Van Hoff v. State*, 447 N.W.2d 665, 669 (Iowa Ct. App. 1989). However, if the court's denial of a continuance impedes the defendant's right to present a defense, it implicates a fundamental element of due process and our review is de novo. *Clark*, 814 N.W.2d at 560-61; *In re Orcutt*, 173 N.W.2d 66, 70 (Iowa 1969) (noting that the assignment of counsel under circumstances that deprive a defendant of the right to prepare a defense does not satisfy due process requirements). Because motions for continuance are discouraged, the court may not grant a continuance unless the defendant shows a "good and compelling cause." Iowa R. Crim. P. 2.9(2). "The burden rests on the one seeking a continuance to show that 'substantial justice will be more nearly obtained' thereby." *State v. Ruesga*, 619 N.W.2d 377, 384 (Iowa 2000) (quoting Iowa R. Civ. P. 1.911(1)).

On September 21, 2016, the State charged Crawford with first-degree murder and willful injury resulting in serious injury. The district court scheduled trial to begin on August 21, 2017. Initially, Crawford was represented by the public defender's office, but after a break down in his relationship with his attorneys, he requested new counsel be appointed. A hearing was held on May 24, 2017, and the district court granted Crawford's motion and appointed new counsel to represent Crawford finding there was "sufficient time for an attorney to get up to speed" before trial began. On July 26, 2017, the court approved the appointment of a second-chair attorney.

On August 15, 2017, Crawford's new counsel moved to withdraw from representing him based on Crawford's statements that he no longer wanted her to represent him. At the hearing, held the same day, Crawford also moved for a continuance. The district court denied both the motion to withdraw and motion to continue in an order entered the same day.

Crawford alleges that denying a continuance violated his due process right to a fair trial with effective counsel because his trial counsel had inadequate time to prepare a defense before trial. "Whether in any case enough time has been afforded for consultation, investigation for witnesses, and preparation of the law and facts depends upon the circumstances of the case including the complexity of the factual issues and the legal principles involved." *Orcutt*, 173 N.W.2d at 71. The seriousness of the offense is another consideration in determining whether there has been adequate time to prepare. *See Clark*, 814 N.W.2d at 569 (Appel, J., dissenting).

There is no denying the seriousness of the first-degree-murder charge that Crawford faced. *See* Iowa Code § 902.1 (requiring a sentence of life without the possibility of parole). We also note that Crawford's trial counsel had been appointed to represent him only two months earlier, after his first attorney withdrew from representation due to a deterioration in his relationship with Crawford. However, the engagement of counsel just prior to the trial date is not grounds for a continuance if the replacement counsel had ample time to prepare. *See* 17 C.J.S. Continuances § 49. The record here shows the issue was not a matter of counsel's lack of preparation but one of surprise because a witness that Crawford anticipated would help his defense had just given deposition testimony that harmed him. Whether to grant a continuance on this ground is within the trial court's discretion. *See id.* § 93 ("It is largely within the discretion of the court to grant or refuse to grant a continuance on grounds of surprise occasioned by the fact that a party's own witness has testified contrary to the reasonable expectations of the applicant.").

Based on the record before us, we are unable to find the trial court abused its discretion in denying Crawford's motion to continue. Both Crawford's prior counsel and his replacement counsel deposed numerous witnesses during the eleven months after he was charged. At the hearing on Crawford's motion, the prosecutor observed:

> The most recent round of depositions occurred last Friday, where a witness that I believe [Crawford] thought would be favorable to him came in and said some things that were actually favorable to the State during his deposition. I think that is what precipitated this statement by [Crawford] today that all of a sudden he feels like his defense counsel is not with him or working on his side.

Crawford's counsel agreed, explaining:

> A witness who was mine, my best witness, didn't turn out that way at all. I mean, it couldn't be further from what I thought, and it did kind of throw me. It's the truth. . . .
>      I mean, it's the absolute truth. If Friday hadn't happened, I don't think we would have been here. In fact, it really did create an issue for me that kind of made me step back a few feet and like, okay, what are we going to do? That's what happened.

In denying Crawford's motion, the court noted that the speedy-trial deadline was approaching but that Crawford's counsel "seems to be prepared. She's indicated she's got the week blocked off to work on this, that she's been working on this." The court also observed that Crawford previously expressed through correspondence satisfaction with his attorney. Although the State had argued a continuance would be inconvenient to the witnesses, the court gave little weight to its argument. Instead, the court gave "the primary concern to [Crawford] because he's the one whose life is going to be the most greatly impacted by the outcome of this trial." Nonetheless, the court ultimately noted that neither Crawford nor his attorneys had expressed "anything specifically that they need to do that would lead me to believe that a continuance is warranted or would do anything more than delay this trial." Such failure is grounds for denial of a continuance. *See State State v. Melk*, 543 N.W.2d 297, 300 (Iowa Ct. App. 1995) (affirming denial of motion for continuance filed two weeks before trial that "alleged that counsel 'believe[d] additional time was needed to investigate . . . [and] conduct discovery,' 'may' have difficulty making arrangements for out-of-state witnesses to appear, and 'may' need to retain an expert witness" because "the reasons urged in support of the continuance were vague and uncertain" (alteration in original)).

Because the district court acted within its discretion in denying Crawford's motion to continue, we affirm.

## II. Evidentiary Issues.

Crawford next challenges the district court ruling that admitted into evidence a video recording of his interview with police. He complains that during the interview, the officers made statements concerning witnesses who had identified him as the main perpetrator of the crime. He argues that these statements were impermissible hearsay and that the officers improperly commented on the witnesses' credibility. He also complains that some of the witnesses the officers discussed did not testify at trial and, therefore, their statements violated his rights to confront the witnesses at trial.

We review evidentiary rulings for an abuse of discretion. *See State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013). An abuse of discretion occurs when the trial court exercises its discretion on untenable grounds or to an extent clearly unreasonable. *See State v. Tipton*, 897 N.W.2d 653, 690 (Iowa 2017). We review rulings on the admissibility of hearsay evidence for correction of errors at law. *See Thompson*, 836 N.W.2d at 476. With all evidentiary rulings, we only reverse if prejudice occurred. *See Tipton*, 897 N.W.2d at 690.

After reviewing the video of the police interview, the district court denied Crawford's hearsay objections. It found that of the three eyewitnesses referenced in the video, two had testified at trial and implicated Crawford. Although the third individual referenced in the video did not testify at trial, the court made the following statement to the jury before playing the video:

Ladies and gentlemen of the jury, you are about to hear evidence of the defendant being interviewed by a police detective. You might find this evidence helpful in your deliberations. However, this evidence is not being admitted to prove the truth of the matters asserted or contained in the questions posed by the detective.

Law enforcement officers are not required to be honest when interrogating witnesses. Those questions, like statements, arguments and comments by the lawyers, are not evidence.

Even assuming any of the statements made in the interview video were inadmissible, we are unable to find they prejudiced Crawford. To the extent the statements were attributable to the eyewitnesses who testified at trial, the evidence was cumulative. *See State v. Plain*, 898 N.W.2d 801, 813 (Iowa 2017) ("Tainted evidence that is merely cumulative does not affect the jury's finding of guilt."). To the extent that it referenced the third eyewitness who did not testify, the court's statement to the jury cured any potential error. *See id.* ("We have held that an instruction limiting the 'purposes for which this evidence [can] be used' may serve as 'an antidote for the danger of prejudice.'").

**III. Sentence.**

Finally, Crawford challenges the portion of the sentencing order assessing him appellate attorney fees. That portion of the order states:

Defendant is advised of the right to appeal. You are advised that if you appeal this ruling, you may be entitled to court-appointed counsel to represent you in that appeal. Defendant is advised as follows regarding his right to Court-Appointed Appellate Counsel: If you appeal this ruling, you may be entitled to court-appointed counsel to represent you in that appeal. If you qualify for court-appointed appellate counsel, then you can be assessed the cost of the court-appointed appellate attorney when a claim for such fees is presented to the clerk of court following the appeal. You may request a hearing on your reasonable ability to pay court-appointed appellate attorney fees within 30 days of the issuance of the procedendo following the appeal. If you do not file a request for a hearing on the issue of your reasonable ability to pay court-appointed appellate

attorney fees, the fees approved by the State Public Defender will be assessed in full to you.

"[W]hen the district court assesses any future attorney fees . . . , it must follow the law and determine the defendant's reasonable ability to pay the attorney fees without requiring him to affirmatively request a hearing on his ability to pay." *State v. Coleman*, 907 N.W.2d 124, 149 (Iowa 2018). Accordingly, we vacate the portion of the sentencing order requiring Crawford affirmatively request a hearing on his ability to pay and remand for entry of a corrected sentencing order.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**