# IN THE COURT OF APPEALS OF IOWA

No. 23-1858
Filed October 2, 2024

**KEITH LEONARD JAMES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea Dryer, Judge.

A postconviction-relief applicant appeals the denial of his motion for continuance and the subsequent dismissal of his application. **AFFIRMED.**

Katherine R.J. Scott of New Point Law Firm, PLC, Ames, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**SANDY, Judge.**

Keith Leonard James appeals the district court's denial of his motion to continue his post-conviction relief (PCR) trial and its subsequent dismissal of the proceedings. He argues the district court abused its discretion in denying his motion to continue when he failed to appear for trial and finding his trial counsel was not ineffective by failing to assert a justification defense on the charges James ultimately pleaded guilty to. We affirm.

## I.     Background Facts and Procedure

In November 2021, the State filed a trial information charging James with interference with official acts causing bodily injury in violation of Iowa Code section 719.1(1)(c) (2021), a serious misdemeanor. In April 2022, James pleaded guilty and admitted that he "did knowingly resist or obstruct a peace officer, CJ Nichols (WPD) in performance of his lawful duty resulting in bodily injury to his knees causing bleeding." James recognized that he would pay a $430 fine, a fifteen percent surcharge, and restitution, and be given twenty-three days credit for time served in jail. The district court accepted his plea and sentenced him as specified in the plea agreement.

In June 2022, James filed a PCR application. He alleged that the charges originated because of a fire that started at his house. He stated that an officer pulled him out of his house after the fire had been extinguished and the fire chief had "return[ed] custody of the home." He contended that his trial counsel was ineffective for failing to assert a theory of self-defense.

In July 2023, an order was issued explaining that the case was subject to dismissal under Iowa Rule of Civil Procedure 1.944 and requiring a motion for relief

from dismissal to be filed before October 15. On October 13, counsel moved to exempt the case from an Iowa Rule of Civil Procedure 1.944 dismissal.

James failed to appear at his September 20, 2023 trial. His counsel moved to continue and stated that he had sent a letter about the trial to the residence James used on his financial affidavit. The State resisted the motion. Finding no good cause, the district court denied the motion. The district court then dismissed James's PCR application upon finding he had failed to show trial counsel was ineffective. James now appeals.

## II.      Justification—Preservation of Error

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002). Claims on appeal must be specific. *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018). "We will not speculate on the arguments the claimant might have made and then search for legal authority and comb the record for facts to support such arguments." *Id.* (citation omitted) (cleaned up).

James argues the district court erred in not finding his trial counsel was ineffective for failing to pursue a justification defense. But he raised no such claim in his PCR application. He simply argued that law enforcement's actions were "unlawful" and his counsel was ineffective because James "was not told that the [] facts would have produced an acquittal of this case." James urges we give him "leeway" and grant "liberal construction" to his application as a pro se applicant. But James has been represented by counsel since the month he submitted his PCR application, and he did not seek to amend his PCR application to narrow his

arguments after PCR counsel was appointed. James argues on appeal that if the district court had allowed him to proceed to the merits of his claim, he could have proved he received ineffective assistance of counsel in his criminal case. This is not a tenable argument. Claims that would arise for the first time on PCR appeal must be raised in a separate PCR application rather than first addressed on appeal. *See id.* at 526.

The district court did not err in failing to rule on a claim that was not brought before it. *See id.* ("[W]e do not remand cases to the district court for evidence on issues not raised and decided by the district court."). Because James failed to show up for trial he failed to advance a justification argument and we cannot consider it in this appeal.

### III. Motion to Continue

#### A. Standard of Review

We review "denial of a motion for continuance for an abuse of discretion." *State v. Clark*, 814 N.W.2d 551, 560 (Iowa 2012).

#### B. Discussion

James contends the district court abused its discretion in denying his motion for a continuance because "there was nothing in the record here to suggest James knew about the hearing date."

Continuances of trial "may be allowed for any cause not growing out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained." Iowa R. Civ. P. 1.911(1). "The decision to grant or deny a motion for continuance of a criminal trial lies within the broad discretion of

the trial court, and will not be reversed on appeal unless an injustice has resulted." *State v. Melk*, 543 N.W.2d 297 (Iowa Ct. App. 1995).

We see no injustice that occurred here. Contrary to James's claim, the record does suggest James knew about the trial date. At the PCR trial his counsel stated he had sent an introductory letter and notice of the hearing to the address on James's financial affidavit. And both a Black Hawk County search and Iowa Department of Corrections website search showed that James was not incarcerated or in jail. No evidence suggesting James lives elsewhere is available in the record. James simply suggests "it was possible James was no longer living there."

James cites *Young v. State*, No. 11-0791, 2013 WL 3822101, at *1 (Iowa Ct. App. July 24, 2013) and *McCall v. State*, No. 15-1541, 2016 WL 7403721, at *2 (Iowa Ct. App. Dec. 21, 2016), to support his claim. But that is unpersuasive. Those cases stand for the opposite conclusion. In both *Young* and *McCall*, there were other grounds that supported denial of continuance. *Young*, like this case, had been on the calendar for "nearly a year" and the court and counsel were present and ready to proceed with trial. 2013 WL 3822101, at *1. Young's awareness of the proceedings was only one factor our court considered in that appeal.

*McCall* had also been on the district court docket for an extended period of time, and there, counsel had also made unsuccessful attempts to alert their client of the hearing date. 2016 WL 7403721, at *1. In *McCall*, unlike here, counsel even moved for continuance several days in advance and we still affirmed. *See id.* at *2.

We cannot say an abuse of discretion resulting in an injustice occurred here.

Accordingly, we affirm the district court's denial of James's motion for continuance.

**AFFIRMED.**