Fred LANGE, Plaintiff-Appellee,

v.

CITY OF DES MOINES,
Defendant-Appellant.

No. 86–276.

Court of Appeals of Iowa.

Feb. 25, 1987.

Ivan T. Webber, City Atty., and Patrick Hopkins, Asst. City Atty., for defendant-appellant.

James J. Beery and James P. Piazza, Des Moines, for plaintiff-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

On January 1, 1983, the plaintiff, Fred Lange, a thirty-three year old mildly retarded man, was sexually abused by another prisoner while incarcerated in the Des Moines Municipal Jail on a public intoxication charge. On May 23, 1983, Lange filed a petition at law against the City of Des Moines, seeking damages for injuries which he alleged resulted from the city's negligent supervision of the jail. A jury trial commenced on November 18, 1985.

Prior to trial the city filed a motion in limine seeking to exclude evidence regarding the installation or existence of surveillance equipment. The trial court orally sustained the motion as to any evidence concerning surveillance equipment in any other jail, but overruled this motion as to the existence of this equipment in the city jail on the date of the occurrence. During closing arguments plaintiff's trial counsel, Mr. Piazza, was interrupted three times by the city's counsel, Mr. Braud. The initial

objection came during Mr. Piazza's argument, when he referred to the close circuit cameras used by Quik Trip stores:

MR. PIAZZA: They have no intercom. If they had a little speaker box, prisoner might have said: Jailer there is something here I think you ought to see. Thank you. I'll be right in.

Quik Trips have little camera—

MR. BRAUD: Your Honor, I'm going to object to that as improper.

MR. PIAZZA: I'll withdraw that. There was no—

MR. BRAUD: I would request the Court instruct the jury that comparison to Quik Trip is not appropriate.

THE COURT: Jury should disregard that portion of the record.

Further into his argument Mr. Piazza implied that the city's negligence was ongoing and the following exchange occurred:

MR. PIAZZA: Mr. Braud suggested he doesn't have a client sitting here with him. He's got a briefcase. I suggest he does have a client. He has or could have had the City Council or City of Des Moines that was in existence in 1982 because they are the elected representatives of the defendant, and let them be here. Are they too ashamed to be here? The policy setters. When will it stop. Fred Lange—

MR. BRAUD: I'm going to object, Your Honor. This is something that needs to be stopped. Improper closing argument.

THE COURT: I assume that you're talking about the negligence of the city employees?

MR. PIAZZA: That's correct, Your Honor.

MR. BRAUD: Implies ongoing negligence, as well, Your Honor.

MR. PIAZZA: I make no suggestion that there is any ongoing.

And if you got that impression, I humbly apologize.

THE COURT: You may continue, Mr. Piazza.

At the end of his closing argument, Mr. Piazza referred to Lange's economic status as follows:

MR. PIAZZA: Yes, he's finally had his day in court. He doesn't have to pay any fines if he loses. He's got to pay the court costs. And knowing Fred, he'll pick up cans if he loses this case; and he'll pay his court costs because he's paid every debt he has ever owed to society. The City, on the other hand, they have a responsibility.

MR. BRAUD: Your Honor, I'm going to object to that as improper closing argument, saying that he needs the money to pay for this case.

MR. PIAZZA: I didn't suggest that at all. I said that he will go and pick cans and he will earn the money if he loses this case to pay his court costs.

MR. BRAUD: I am going to object. That is improper closing argument.

MR. PIAZZA: I'll withdraw that portion, Mr. Braud. Your objection is respected.

On November 21, 1985, the jury returned a verdict in favor of Mr. Lange, awarding him $75,000 in damages, and the trial court entered judgment against the city. The city's motions for new trial and judgment n.o.v. were overruled on January 20, 1986.

We note that our review of the trial court is limited to errors in law. Iowa R.App.P. 4. Therefore, this case is reviewed as tried in the court below. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa Ct.App.1979). If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. *Atlantic Veneer Corp. v. Sears*, 232 N.W.2d 499, 502 (Iowa 1975); Iowa R.App.P. 14(f)(1). But the reviewing court is not bound by the trial court's determination of law. *Mosebach*, 282 N.W.2d at 759.

Defendant contends the trial court abused its discretion in overruling its motion for new trial based upon the alleged prejudicial remarks of plaintiff's counsel in closing argument and these remarks' cumulative effect on the jury. The trial court has broad discretion in ruling on motions for new trials and only when there is a clear abuse of that discretion will we interfere with a ruling upon the motion. *Thompson v. Rozeboom*, 272 N.W.2d 444, 446 (Iowa 1978); *Houvenagle v. Wright*,

340 N.W.2d 783 (Iowa Ct.App.1983). We will consider each objection made by the city to the plaintiff's closing argument separately.

## I.

Defendant argues plaintiff's counsel through his first allegedly prejudicial remark violated the trial court's ruling on the defendant's motion in limine.

■ When counsel makes an improper remark in the course of the closing argument, it is the duty of the aggrieved party to object and thereby provide the trial court with an opportunity to admonish counsel or instruct the jury as it may see fit. *Andrews v. Struble*, 178 N.W.2d 391, 401 (Iowa 1970). Here, city's counsel correctly objected to the line of questioning and alerted the court to plaintiff's counsel's transgressions. "Ordinarily where a trial court in response to requests promptly admonishes the jury to disregard an improper argument there is not prejudicial error." *Turner v. Jones*, 215 N.W.2d 289, 291 (Iowa 1974). There are matters which when put before a jury are so prejudicial that no admonition can erase them. *Schroedl v. McTague*, 259 Iowa 627, 644, 145 N.W.2d 48, 58 (1966). As recognized by the defendant in its appellate brief, this admonition cured any prejudice in this occurrence.

## II.

The second and third objections will be considered together due to their similarity in form and our resolution of error. Defendant argues plaintiff's counsel went beyond the evidence in asserting ongoing negligence and it was an improper argument for counsel to refer to plaintiff's economic status.

A trial court has broad discretion in deciding on the propriety of closing arguments to the jury and an appellate court will not reverse unless there has been a clear abuse of this discretion. *Rasmussen v. Thilges*, 174 N.W.2d 384, 391 (Iowa 1970); *Carter v. Wiese Corp.*, 360 N.W.2d

122, 131 (Iowa Ct.App.1984). "Before a new trial will be granted for misconduct in argument it must appear prejudice resulted or a different result could have been probable but for such misconduct." *Laguna v. Prouty*, 300 N.W.2d 98, 102 (Iowa 1981) (citing *Rasmussen v. Thilges*, 174 N.W.2d at 391).

Misconduct consisting of misstatements, or improper remarks or arguments, may be cured through the action of the offending counsel by promptly withdrawing or correcting the improper remarks or misstatements. 88 C.J.S. Trial § 198 (1955); *see also Evans v. Roberts*, 172 Iowa 653, 666, 154 N.W. 923, 928 (1915); *Atlanta Joint Terminals v. Knight*, 98 Ga.App. 482, 491, 106 S.E.2d 417, 425 (1958); and *Adair v. Cloud*, 354 S.W.2d 866, 871–72 (Mo.1962).

■ After a careful review we find no abuse in the trial court's broad discretion in deciding the propriety of closing arguments. No prejudice resulted from plaintiff's counsel's alleged misconduct in addressing the jury. Defendant argues this claimed "misconduct" over-inflated the damage award and therein provided the difference required to grant a new trial. We find the jury award to be reasonable and in no way affected by any misconduct. Further, we note, in response to counsel's objection plaintiff's counsel withdrew and attempted to cure the offending portion of argument. These actions were sufficient to cure any possible misconduct.

## III.

■ In this appeal, defendant requests the court to consider the argument that the cumulative effect of three improper statements in closing arguments amounted to prejudice sufficient to justify a new trial. Defendant contends: the prejudice builds with each successive improper remark; with each remark the jury becomes more vulnerable; and due to the number of improper remarks the prejudice becomes so pronounced that neither the offending counsel's cure nor the trial court's admoni-

tion can prevent prejudice. Defendant asks this court to adopt such an analysis.

We decline to follow defendant's suggestion. When a party, on appeal, fails to cite any relevant authority in support of an argument, the assertion may be deemed waived. Iowa R.App.P. 14(a)(3); *Miller v. International Harvester Co.*, 246 N.W.2d 298, 304 (Iowa 1976); and *Kellar v. Peoples Natural Gas Co.*, 352 N.W.2d 688, 694 (Iowa Ct.App.1984). The defendant's brief is void of any authority to support the "cumulative prejudice" theory and therefore we consider this argument waived.

AFFIRMED.