Arthur W. DICKSON, As Executor of the Estate of Arthur D. Dickson, and the Estate of Arthur D. Dickson, and Dickson Industries, Inc., Appellants,

v.

HUBBELL REALTY COMPANY f/k/a F.M. Hubbell Sons & Company, Inc., Appellee.

No. 96–363.

Supreme Court of Iowa.

July 23, 1997.

Jeffrey L. Goodman and Leon R. Shearer of Shearer, Templer & Pingel, P.C., West Des Moines, for appellants.

Lawrence E. Myers and Joan Fletcher of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

This dispute arises out of a specific provision in a commercial lease between Hubbell Realty Company, as lessor, and Arthur D. Dickson, as lessee. The relationship traces back through several leases and assignments, which began in 1918, and involves the responsibility of Dickson to remove buildings on the leased property when the lease expires. The district court granted summary

judgment to the lessor in a declaratory judgment action. We affirm.

## I. *Background Facts and Proceedings.*

On September 21, 1918, trustees of the Frederick M. Hubbell Estate ("Hubbell Trustees") entered into a sixty-year commercial lease ("1918 lease") with Gust Neofotist for property located at 325 Southwest Fifth Street in Des Moines, Iowa. At the time, the land involved in the lease was vacant. The 1918 lease was eventually assigned four times:

1) To Schulze Baking Company on October 18, 1919;

2) To Interstate Bakeries Corporation on February 23, 1938;

3) To Dickson Industries, Inc., on June 30, 1965; and

4) To Arthur D. Dickson on February 18, 1966.

The record indicates that two buildings were constructed on the leased property between 1918 and 1938.

On December 30, 1966, the Hubbell Trustees and Arthur D. Dickson entered into a new commercial lease ("1966 lease"), which was scheduled to expire upon termination of Frederick Hubbell's trust on November 17, 1983. Paragraph twenty of the 1966 lease specified that "upon the expiration of this lease all buildings *owned or erected on said premises by lessee* shall be removed at lessee's expense." (Emphasis added.) Around the same time the 1966 lease was created, Arthur D. Dickson acquired the two buildings by assignment of the prior lessee.

In order to extend their leasehold interest, the successor of the Hubbell Trustees, F.M. Hubbell Sons & Company, Inc., later known as Hubbell Realty Company (hereinafter referred to as Hubbell), and Arthur D. Dickson entered into another commercial lease on August 16, 1978 ("1978 lease"). Along with the creation of this lease, the parties also executed a cancellation agreement, which terminated all provisions of the 1966 lease. The 1978 lease has a twenty-year term and is due to expire on September 30, 1998. In drawing up the new lease, Hubbell revised paragraph twenty, which provides in relevant part:

At the expiration of this Lease, by lapse of time or otherwise, all buildings and improvements made or erected upon the demised premises by Lessee shall become the sole property of Lessor, without any payment therefor. Notwithstanding the foregoing, Lessor shall have the right, by giving Lessee written notice ..., to require Lessee, at Lessee's sole cost and expense, to remove any or all of the buildings or improvements *constructed or erected on the demised premises by Lessee. ....* For the purposes of this paragraph, except with respect to the giving of required notices hereunder, *the term "Lessee" shall be construed, in its broadest sense, to include the original Lessees, and all persons, firms or corporations claiming by, through or under them.*

(Emphasis added.)

On March 3, 1995, Arthur W. Dickson, as executor of the estate of Arthur D. Dickson, the estate of Arthur D. Dickson, and Dickson Industries, Inc., guarantor on the 1978 lease, (hereinafter collectively referred to as "Dickson") filed a petition for a declaratory judgment. Dickson sought a declaration that it had no obligation to remove two underground storage tanks located adjacent to the leased property. Dickson also sought a declaration that it had no obligation, at the expiration of the 1978 lease, to remove buildings or improvements that it had not constructed or erected. It is undisputed that Dickson has not constructed any buildings on the leased property.

Hubbell filed an answer and cross-petition. It sought a declaratory judgment holding Dickson responsible for the removal of the underground storage tanks and for the future removal of all buildings and improvements, should Hubbell elect to require such removal.

Following motions for summary judgment by both parties and a hearing, the district court entered a ruling on January 23, 1996. With regard to the underground storage tanks, the court found that the tanks were not part of the leased property; therefore, Dickson is not responsible for their removal. With regard to the removal of the buildings, the court found that the term "lessee" in

paragraph twenty of the 1978 lease was intended to hold each lessee in succession responsible for the acts of the 1918 lessee. Therefore, the court held that, if Hubbell elects to have the buildings removed, Dickson is responsible for such removal.

Dickson filed a notice of appeal challenging the court's declaratory judgment.

## II. Scope of Review.

■ Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 237(c). In determining if there is a genuine issue of fact, we consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits. Id.; Simpson v. United States Fidelity & Guar. Co., 562 N.W.2d 627, 629 (Iowa 1997). We examine the record before the district court to decide whether a genuine issue of material fact exists and whether the court correctly applied the law. Phipps v. IASD Health Servs. Corp., 558 N.W.2d 198, 201 (Iowa 1997). In doing so, we view the facts in the light most favorable to the party opposing the motion for summary judgment. Id.

## III. Construction of the 1978 Lease.

■ The sole issue before us is whether the lessor, Hubbell, can require the lessee, Dickson, to remove any and all of the buildings on the leased property under the terms of the 1978 lease. A lease is both a contract and a conveyance. Therefore, we look to ordinary contract principles when construing a lease.

■ We recognize "in the construction of written contracts, the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says." Iowa R.App. P. 14(f)(14). The intent of the parties may be determined from the terms of the lease, what is necessarily implied from the terms, and the circumstances surrounding the formation and execution of the lease. East Broadway Corp. v. Taco Bell Corp., 542 N.W.2d 816, 820 (Iowa 1996). In interpreting a contract, we give effect to language of the entire contract in accordance with its commonly accepted and ordinary meaning. Lange v. Lange, 520 N.W.2d 113, 119 (Iowa 1994). Because we give effect to the language of the entire contract, it is assumed that no part of it is superfluous and an interpretation that gives a reasonable meaning to all terms is preferred to one that leaves a term superfluous or of no effect. Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents, 471 N.W.2d 859, 863 (Iowa 1991).

■ If the language is found to be ambiguous, extraneous evidence is admissible as an aid to interpretation of the contract. Dental Prosthetic Servs., Inc. v. Hurst, 463 N.W.2d 36, 39 (Iowa 1990). When there are ambiguities in the contract, they are strictly construed against the drafter. Iowa Fuel, 471 N.W.2d at 863. In ascertaining the meaning of contractual terms "extrinsic evidence is admissible as an aid to interpretation when it sheds light on the situation of the parties, antecedent negotiations, the attendant circumstances, and the objects they were striving to attain." Kroblin v. RDR Motels, Inc., 347 N.W.2d 430, 433 (Iowa 1984). "Proof of the circumstances may make a meaning plain and clear when in absence of such proof some other meaning may also have seemed plain and clear." Hamilton v. Wosepka, 261 Iowa 299, 312, 154 N.W.2d 164, 171 (1967).

■ Dickson recognized it had the responsibility of removing buildings it owned under the 1966 lease. However, because the parties executed both a new lease and a cancellation agreement effective October 1, 1978, Dickson urges its obligation under the 1966 lease was expressly terminated and the prior lease agreement extinguished. We agree. Upon execution of the 1978 lease and the execution of the cancellation agreement, the 1966 lease and all prior leases had no further force or effect.

■ Dickson argues the 1978 lease only requires removal of the buildings "constructed or erected" on the leased premises by it. Because Dickson did not "construct or erect" the buildings, it urges that it has no obli-

gation to remove the buildings. We agree the terms "construction or erected" are clear. However, it is equally clear that the 1978 lease defines the term "lessee" for the purpose of paragraph twenty. Because the lease defines "lessee," Hubbell urges Dickson can be required to remove buildings "constructed or erected" on the leased premises by "the original lessees and all persons, firms, or corporations claiming by, through or under them."

The trial court concluded the terms "original lessees" meant the 1918 lessee and, by virtue of assignment, all subsequent lessees. The word "original" may be defined as initial, primary, or pristine. Webster's Third New International Dictionary 1592 (1971). We acknowledge this word can also reasonably refer to the initial 1978 lessee. The lease provisions would then apply to Dickson and all persons, firms, or corporations claiming by, through, or under him. However, this construction would not give effect to all of the language of paragraph twenty of the lease. The lease specifically requires the term "lessee" be construed in its "broadest sense" for purposes of paragraph twenty. A construction that narrows the meaning of lessee to the 1978 lessee and subsequent persons claiming through or under Dickson, would fail to give reasonable meaning to the definition of lessees contained in paragraph twenty.

When we broadly construe paragraph twenty, Dickson is responsible for removal of buildings "constructed or erected" by prior lessees of the premises. We, like the district court, find the 1978 lease by its clear language intended that Hubbell have the right to require Dickson to remove the two buildings that were erected on the leased premises. We therefore affirm.

**AFFIRMED.**