Jennifer LANE, Appellant,

v.

**COE COLLEGE, Appellee.**

No. 97–0935.

Court of Appeals of Iowa.

April 24, 1998.

David L. Baker and John Riccolo of Riccolo & Baker, P.C., Cedar Rapids, for appellant.

John Werner and Marcy O'Brien of Grefe & Sidney, P.L.C., Des Moines, for appellee.

Heard by STREIT, P.J., and VOGEL, J., and HABHAB, Senior Judge.*

STREIT, Presiding Judge.

Jennifer Lane appeals from the trial court's denial of her motion for new trial. Because we find the trial court should have submitted a jury instruction explaining non-delegable duties, we reverse and remand for a new trial.

---

* Senior judge assigned by order pursuant to Iowa Code § 602.9206 (1997).

## I. Background Proceedings & Facts.

Marriott Corporation had a contract to provide food service for Coe College students. The plaintiff, Jennifer Lane, was employed by Marriott Corporation. A steam kettle maintained by Coe College spilled boiling water on Lane's legs. Lane alleged the steam kettle had a faulty latching mechanism. She sued Coe College asserting it was liable for her injuries because they had a duty to maintain the food service equipment and facilities. Lane argued Coe's duty stemmed from a contract between Coe and Marriott. The contract in evidence stated:

*Maintenance.* Coe shall furnish the services of its maintenance staff or shall authorize the use of outside maintenance services when required for proper maintenance and repair of the Food Service facilities, including the equipment. Coe shall be responsible for all costs of maintenance, including labor and supplies due to normal usage. Damages due to improper use are the responsibility of Marriott.

. . .

*Condition of Facilities and Equipment.* The Premises and equipment provided by each party for the performance of this Agreement shall be in good condition and maintained by the providing party to ensure compliance with applicable laws concerning building conditions, sanitation, safety and health. Marriott shall notify Coe of any known deficiencies. Marriott shall take reasonable and proper care of all Premises and equipment under its custody and control.

The contract also had an indemnification clause which stated:

*Indemnification.* Except as otherwise expressly provided, Marriott and Coe shall defend, indemnify and hold each other harmless from and against all claims, liability, loss and expenses, including reasonable costs, collection expenses and attorney's fees incurred, which arise by reason of the negligent acts, errors or omissions of the indemnifying party, its agents or employees arising out and in the course of the performance of its obligations under this Agreement which results in an action, proceeding, claim, demand, loss, outlay, judgment, damage or expense to the indemnified party. This clause shall survive the termination of this Agreement.

During the trial's closing arguments, defense counsel told the jury Marriott employees had no reason to lie because Marriott was not being sued. In response, the plaintiff sought to argue against the employees' credibility by showing the indemnity agreement to the jury. The court denied the request. The court also refused to submit an instruction informing the jury that Coe College had a nondelegable duty. The jury found Coe College was not at fault. Lane appeals.

## II. Standard of Review.

We review the granting or denial of a motion for new trial for abuse of discretion. *Magnusson Agency v. Public Entity Nat. Co.-Midwest,* 560 N.W.2d 20, 30 (Iowa 1997).

## III. Nondelegable Duty Instruction.

Lane contends the trial court erred in refusing to submit her proffered instruction that Coe had a nondelegable duty to the jury. The instruction read:

Persons who hire an independent contractor and who are under a duty to provide specified safeguards or precautions for the safety of others by contract cannot escape responsibility by delegating it to an independent contractor.

Litigants are entitled to have their legal theories submitted to the jury if they are supported by the pleadings and substantial evidence in the record. *Thompson v. City of Des Moines,* 564 N.W.2d 839, 846 (Iowa 1997). Evidence is substantial when reasonable minds would accept it as adequate to reach the conclusion. *Smith v. Air Feeds, Inc.,* 556 N.W.2d 160, 165 (Iowa App.1996). If a requested instruction states a correct rule of law which applies to the facts of the case, and the concept is not already contained in the court's instructions, the requested instruction, or the court's own instruction with the same legal substance, should be submitted to the jury. *Erickson v. Des Moines Water Works,* 421 N.W.2d 155, 157 (Iowa App.1988). If the trial court errs

in submitting or refusing to submit an instruction, we will reverse only when the error has caused prejudice. *See Coker v. Abell–Howe, Co.,* 491 N.W.2d 143, 143 (Iowa 1992).

In light of these standards we analyze whether there was substantial evidence in the record to support submitting the nondelegable duty instruction to the jury or whether the nondelegable duty instruction was, in substance, submitted to the jury. If the plaintiff was entitled to have the nondelegable duty instruction submitted to the jury and it was not, we assess whether prejudice resulted.

■ A party who assumes a duty under a contract for the safety of the public or certain individuals cannot delegate the duty to an independent contractor, even when it is the independent contractor who is doing the actual work. *Giarratano v. Weitz Co.,* 259 Iowa 1292, 147 N.W.2d 824, 831 (1967). The contracting party owes a positive duty to the public or individual who benefits under the contract and will be liable for injuries resulting from the contractor's negligence in the performance of the contractual duty. *Id.*

Marriott was Coe's independent contractor. Under the contract Coe agreed to properly maintain and repair the food service facilities, including the equipment. The parties also agreed Marriott would notify Coe of *known* deficiencies and take reasonable and proper care of the premises and equipment under its custody and control. Under this contract, Coe College had a nondelegable duty to maintain and repair the food service facilities, including the equipment. This duty was undertaken for the benefit of both the patrons and the employees of the food service.

■ The question is whether Lane brought forth substantial evidence at trial to show the nondelegable duty to maintain the food service equipment and premises. The contract between Coe College and Marriott was evidence in this case. Lane presented evidence the steam kettle was defective because it had not been maintained.[1] Subsumed within the obligation to maintain

equipment is an obligation to periodically inspect the equipment for needed maintenance. *See Dickson v. Hubbell Realty Co.,* 567 N.W.2d 427, 430 (Iowa 1997)("In interpreting a contract, we give effect to language of the entire contract in accordance with its commonly accepted and ordinary meaning.... [A]n interpretation that gives a reasonable meaning to all terms is preferred to one that leaves a term superfluous or of no effect."). The director of the physical plant at Coe College agreed that to maintain equipment there must be periodic inspection. Coe argues Marriott should have inspected the kettle or notified Coe of any problems. However, Coe cannot escape liability from injuries resulting from Marriott's failure to inspect the equipment, when this duty was included in Coe's duty of maintenance. *See Giarratano,* 147 N.W.2d at 831.

■ Because the theory was supported by substantial evidence in the record, Lane was entitled to have her legal theory of Coe's nondelegable duty to maintain the equipment of the food service submitted to the jury. *See Thompson,* 564 N.W.2d at 846. It was error for the trial court not to do so. *Kragel,* 537 N.W.2d at 706 (failure to instruct a jury on the nondelegable duty of a party when applicable to the case is reversible error). However, we will not reverse unless prejudice resulted from the trial court's failure to submit the proffered instruction. *See Coker,* 491 N.W.2d at 143. The trial court did not submit an instruction on Coe's nondelegable duty. The jury was not aware of applicability of this legal theory to the case. Prejudice resulted. It is probable the result of this case could have been different had the jury known Coe was not able to delegate their duty to maintain the equipment of the food service facility to Marriott. The failure of the trial court to submit this instruction to the jury is grounds for reversal of the trial court's denial of the plaintiff's motion for new trial.

## IV. Closing Argument.

During closing argument, counsel for defendants argued Marriott had not been sued

1. Coe College denied the steam kettle was defec-    tive or improperly maintained.

and therefore its employees had no reason to lie.[2] In rebuttal argument, Plaintiff's counsel sought to argue against Marriott employees' credibility using the indemnity agreement between Coe and Marriott. The trial court refused to allow plaintiff to show or argue the indemnity agreement to the jury. The trial court's refusal is one of the grounds upon which Lane bases her motion for new trial.

Our review is for an abuse of discretion by the trial court. *Lange v. City of Des Moines*, 404 N.W.2d 585, 587 (Iowa App.1987); *Rasmussen v. Thilges*, 174 N.W.2d 384, 391 (Iowa 1970); *Carter v. Wiese Corp.*, 360 N.W.2d 122, 131 (Iowa App. 1984). The scope of closing arguments is not strictly confined, but rests largely with the sound discretion of the trial court. *State v. Melk*, 543 N.W.2d 297, 301(Iowa App.1995). A trial court has broad discretion in deciding on the propriety of closing arguments to the jury. *Lange*, 404 N.W.2d at 587. The trial court will be reversed and a new trial granted only when there has been an abuse of discretion which resulted in prejudice to the opposing party. *Id.; Yeager v. Durflinger*, 280 N.W.2d 1, 8 (Iowa 1979).

The single purpose of closing argument is to assist the jury in analyzing, evaluating, and applying the evidence. *State v. Melk*, 543 N.W.2d at 301. Thus, when exercising its discretion in determining the proper scope of closing argument, the trial court should give counsel the latitude to make comments and arguments within the framework of the legal issues and evidence introduced at trial. *Id.; State v. Veal*, 564 N.W.2d 797, 811 (Iowa 1997). This latitude is compatible with effective advocacy. *Id.*

We have reversed and remanded for a new trial on other grounds. We need not determine if the trial court abused its discretion by limiting the scope of the plain-

tiff's closing argument. However, since this matter may arise during re-trial, we note plaintiff's counsel should have been given the latitude to make an argument based on the indemnification agreement in his closing argument. The agreement was part of the evidence at trial. *See State v. Veal*, 564 N.W.2d 797, 811 (Iowa 1997). Further, the credibility of witnesses is a proper subject for discussion during closing argument. *See State v. Martens*, 521 N.W.2d 768, 772 (Iowa App.1994). The existence of the indemnification agreement legitimately put the credibility of Marriott employees who knew of the agreement in question.

There were Marriott employees who were aware of the indemnification agreement between Coe and Marriott, although it was not shown whether those who testified knew of the agreement. Some Marriott employees participated in the negotiation of the contract containing the indemnity agreement. Defense counsel's claim Marriott employees had no "reason to lie" was a comment on the credibility of the Marriott witnesses. Plaintiff's counsel should have been allowed to refute this in his closing argument. Not allowing him to do so may have affected the outcome of the trial.

We conclude the district court committed reversible error when it refused to give Lane's requested jury instruction. For this reason, the trial court erred in denying Lane a new trial. We reverse and remand for a new trial in accordance with this opinion.

**REVERSED AND REMANDED FOR NEW TRIAL.**

---

2. Although the facts of this case do not rise to the level of those in *Laguna v. Prouty*, 300 N.W.2d 98 (Iowa 1981), or *Fratzke v. Meyer*, 398 N.W.2d 200 (Iowa App.1986), we are reminded that this court and the supreme court firmly disapprove of any practices which suggest to the jury a false statement of the law or facts.