# IN THE COURT OF APPEALS OF IOWA

No. 21-1899
Filed February 8, 2023


**MINDY CAMPFIELD,**
　　Plaintiff-Appellant,

**vs.**

**IOWA BEEF BREEDS COUNCIL,**
　　Defendant-Appellee.
_____


　　Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.


　　A plaintiff appeals an adverse summary judgment ruling on her claim for

breach of contract. **AFFIRMED.**


　　Andrew L. LeGrant of LeGrant Law Firm, P.C., Urbandale, for appellant.

　　Collin M. Davison of Laird Law Firm, P.L.C., Mason City, for appellee.


　　Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Mindy Campfield, the former executive director for the Iowa Beef Breeds Council (IBBC), appeals a district court ruling granting summary judgment to IBBC on her breach-of-contract claim. Campfield sought damages for IBBC's early termination of her executive director's agreement even though she was paid through the end of that agreement. Because the undisputed facts establish that Campfield did not suffer any damages,[1] we affirm the judgment of the district court.

Campfield served as IBBC's executive director for more than twenty years. Each spring, Campfield entered into a new executive director's agreement with IBBC, setting out her duties and compensation. In line with this practice, Campfield and IBBC executed an agreement on April 18, 2019, which stated: "This Agreement shall be effective on May 1, 2019 and shall continue in force through April 30, 2020 unless sooner terminated in the manner hereinafter provided." The agreement then provided: "Either party may terminate this Agreement by giving the other party written notice of at least sixty (60) days prior to the effective date of the termination, except that a notice of termination tendered on or after July 1st cannot become effective until after the following April 1st."

The next year, unlike past ones, the parties decided to enter into a ninety-day extension of the executive director's agreement "upon the same terms and

---

[1] "The standard of review for district court rulings on summary judgment is for correction of errors of law." *Kunde v. Est. of Bowman*, 920 N.W.2d 803, 806 (Iowa 2018). Summary judgment is appropriate only when the moving party has shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). We view the evidence in the light most favorable to the party opposing summary judgment. *Kunde*, 920 N.W.2d at 806.

conditions." The extension accordingly provided: "(1) The Executive Director's Agreement dated April 18, 2019 . . . is extended to July 29, 2020. (2) The Agreement may be terminated prior to July 29, 2020, upon a meeting and vote of the IBBC."

Members of IBBC held a meeting on June 30, 2020, and voted to not renew Campfield's agreement. Campfield, who was sitting in the hallway waiting for the results of the vote, was told by IBBC's president that her agreement had been terminated "effective immediately." Later that evening, Campfield received a text message from a council member with a photo of a handwritten note that read, "As of June 30, 2020, the Iowa Beef Breeds Council voted to not renew Mindy Campfield's contract as Executive Director of the Iowa Beef Breeds Council." Two weeks later, Campfield received the note in the mail. IBBC paid Campfield through the end of July 2020, when her extended agreement expired.

Unable to find other employment outside of her unpaid work for her family's farm companies, Campfield filed suit against IBBC in September 2020 for breaching her executive director's agreement by failing to give her "written notice at least sixty (60) days prior to the effective date of termination." IBBC sought summary judgment on Campfield's claim, arguing that even "if the notice was ineffective, the contract still terminated on July 29, 2020," so she did not suffer any damages. *See NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 468 (Iowa 2010) ("An essential element of a breach of contract claim is that the breach caused a party to incur damages."). The district court agreed and granted IBBC's motion. Campfield appeals.

"A party seeking to recover for breach of contract is entitled only to be placed in as good a position as the party would have occupied had the contract been performed." *Grunwald v. Quad City Quality Serv., Inc.*, No. 01-1353, 2003 WL 182957, at *2 (Iowa Ct. App. Jan. 29, 2003) (citing *Midland Mut. Life Ins. Co. v. Mercy Clinics*, 579 N.W.2d 823, 831 (Iowa 1998)). A party cannot use the breach "to better its position by recovering damages not actually suffered." *Id.*; *accord Kitchen v. Stockman Nat'l Life Ins.*, 192 N.W.2d 796, 802 (Iowa 1971) (stating the early termination of an employment contract entitled the employee "to judgment for all wages past due and future promised earnings, less what was or could be reasonably earned by him in similar employment"). This is where Campfield's claim fails.

The express language of Campfield's extended executive director's agreement set out a definite end date—July 29, 2020. She was paid through that date. So Campfield did not suffer any damages from what she characterizes as IBBC's ineffective early termination because, as IBBC contends, the extension "expired on its stated term of July 29, 2020." Campfield argues the district court erred in adopting this "no harm, no foul" stance since, under the termination provisions in the April 2019 agreement, "if a party fails to give termination notice in the manner specified under the agreement prior to July 1, the termination cannot become effective until after the following April 1." But we agree with the district court that this argument "render[s] the agreed upon end date useless." *See Dickson v. Hubbell Realty Co.*, 567 N.W.2d 427, 430 (Iowa 1997) ("Because we give effect to the language of the entire contract, it is assumed that no part of it is

superfluous and an interpretation that gives a reasonable meaning to all terms is preferred to one that leaves a term superfluous or of no effect.").

Upon interpreting the contract as a whole, *see id.*, we conclude that because Campfield was paid through the date the extension agreement expired, she did not suffer damages from IBBC's claimed defective notice of early termination. We accordingly affirm the district court's ruling granting IBBC's motion for summary judgment.

**AFFIRMED.**