# IN THE COURT OF APPEALS OF IOWA

No. 17-1185
Filed October 24, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TERRION JAVARI MAXFIELD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.

Terrion Maxfield appeals his judgment and sentences, contending the trial court abused its discretion in denying his motion to continue trial and in imposing consecutive sentences. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Terrion Maxfield appeals the judgment and sentences imposed upon him following an *Alford* plea[1] to the crimes of intimidation with a dangerous weapon and willful injury resulting in serious injury, in violation of Iowa Code sections 708.6 and 708.4(1) (2017). Maxfield contends the trial court abused its discretion in denying his motion to continue trial and in ordering consecutive sentences. Maxfield now asks us to either set aside his guilty plea and reset his case for trial or, alternatively, modify his sentences to run concurrently. We decline to do so and affirm the trial court.

We review a trial court's decision regarding a continuance of trial for an abuse of discretion. *State v. Grimme*, 338 N.W.2d 142, 144 (Iowa 1983) ("Our court has long held that in granting or denying continuances the trial court's discretion is 'very broad.' A trial court's ruling on a motion for continuance 'will not be interfered with on appeal unless it clearly appears that the trial court has abused its discretion, and an injustice has resulted therefrom.'" (citations omitted)). Likewise, we review a trial court's sentence for an abuse of discretion. *State v. Adams*, 554 N.W.2d 686, 692–93 (Iowa 1996). "To show an abuse of discretion, the defendant must demonstrate the court's sentencing decision was based on clearly untenable grounds or reasons, or the court exercised its discretion to an extent clearly unreasonable." *Id.* at 693.

---

[1] An *Alford* plea is a variation of a guilty plea; a defendant, while maintaining innocence, acknowledges that the State has enough evidence to win a conviction, and consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

First, Maxfield argues the court abused its discretion in denying his motions to continue trial because the State was still producing discovery materials a week before the scheduled start of trial, which impeded his ability to prepare a defense. The trial court denied the first motion in the interests of the speedy-trial rights of the other co-defendants in the case and judicial economy.[2] Maxfield renewed his motion to continue trial two days before trial was to begin but entered an *Alford* plea the next day. The renewed motion to continue was not ruled on. Maxfield contends on appeal he was "placed in the untenable position of going to trial unprepared or accepting the State of Iowa's plea offer."

Because Maxfield accepted a plea bargain, the trial court had no obligation to rule on the renewed motion to continue trial. Further, by pleading guilty, Maxfield waived any challenge to the denial of his motion to continue. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea.").

Maxfield also argues the trial court abused its discretion by ordering his sentences to run consecutively instead of concurrently. Maxfield contends the court considered factors "outside" the scope of Iowa Code section 901.5 ("The court shall determine which [sentence] . . . will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses."). This argument is without merit. The Iowa Supreme Court has empowered the trial court to "review and consider all pertinent matters in

---

[2] Maxfield was one of four defendants scheduled to begin trial a week after the motion was filed. There had been no severance of the other three cases and two of the defendants had not waived their speedy trial rights.

determining [the] proper sentence." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (citations omitted). Here, the trial court considered Maxfield's background, the nature of his crime, and the risk of harm it presented to the community. Specifically, the court cited the following factors at sentencing:

> [T]his was a well-planned crime.
> That you drove down from Fort Dodge with these guns in your car. It was intentional. That you carried dangerous weapons into our community and used them. That persons were injured and you put a lot of people at risk because of your actions.
> Apparently it was a situation where the police officers in Ames . . . became aware of your presence and returned fire; and so people were, in fact, injured as a result of your actions.

In imposing consecutive instead of concurrent sentences, the court stated:

> I will order that these run consecutively rather than concurrently because of the danger involved and because of the nature of the crime that I have just listed: well-planned, intentional, dangerous weapon, persons were injured, and that a substantial number of people were at risk.
> Under those circumstances, in my judgment, this is something that needs to be punished by consecutive rather than concurrent sentences.

We find no abuse of discretion on the part of the district court in ordering consecutive sentences.

**AFFIRMED.**