# IN THE COURT OF APPEALS OF IOWA

No. 23-0286
Filed June 19, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSEPH WAYNE HANSON JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (South) County, Wyatt Peterson,

Judge.

Joseph Hanson Jr. appeals the denial of his motion to continue.

**REVERSED AND REMANDED FOR NEW TRIAL.**

R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**DANILSON, Senior Judge.**

Joseph Hanson Jr. appeals his convictions for possession of a controlled substance (methamphetamine) with the intent to deliver, possession of a firearm by a felon, possession of a controlled substance (marijuana) with the intent to deliver, and two counts of failure to affix a drug tax stamp. Hanson argues that the district court abused its discretion when it denied his motion to continue trial. We agree with Hanson and remand for a new trial.

## I.    *Background Facts & Prior Proceedings*

Hanson worked as a confidential informant for the local law enforcement's narcotics task force. On April 22, 2022, an officer pulled Hanson over and discovered drugs, drug paraphernalia, and a firearm in Hanson's vehicle. The State filed a trial information charging Hanson with possession with intent to deliver methamphetamine, possession of a firearm by a felon, possession with intent to deliver marijuana, two counts of tax stamp violation, and possession of a controlled substance (diazepam).[1] On April 28, defense counsel filed an appearance.

On May 31, Hanson pled not guilty and demanded a speedy trial. Six days later, Hanson filed a "motion to dismiss counsel" requesting a different attorney. On June 17, the public defender's office, which was representing Hanson, internally reassigned the case to public defender, Curtis Dial. However, attorney Dial was out of the country until July 10. Following a July 11 pretrial conference, the district court set trial for July 26.

---

[1] The State later dismissed the charge for possession of a controlled substance (diazepam).

Hanson and his trial counsel were first able to communicate about the case on July 15. The day before trial was to begin, July 25, Hanson filed a motion to continue. In the motion, Hanson explained that due to the reassignment of his case that he had only met with his current counsel three times, he needed time to subpoena a cellular provider to obtain text messages with the narcotics task force, and that he was willing to waive his speedy trial rights. The trial judge refused to hear the motion on July 25 because the motion was not on the schedule for the day, so the motion was heard just prior to the start of the trial the next morning.

Defense counsel explained that he and Hanson had only been able to work on Hanson's defense for eleven days. Hanson needed the text messages with the narcotics task force to mount his defense, they had been unable to obtain them without a subpoena, and the charges were quite serious. Counsel also stressed that Hanson was willing to waive his speedy trial rights and the unusual delays in this case were not Hanson's fault.

The court denied the motion noting the speedy trial demand previously filed, the fact that Dial was assigned the case on June 17, and that the jurors were already arriving at the courthouse. Hanson complained that his counsel was unaware that he was working as a confidential informant and was not well versed in the unique facts of his case. Hansen also reminded the court that Dial had been unavailable because he was out of town and stated, "there is no way I can have a fair trial." Attorney Dial was asked by the court how long the trial would last, and Dial stated he did not know, explaining "[w]e were provided a witness—or an exhibit list this morning. I haven't been shown those documents or those exhibits

yet. Nothing has been uploaded to review, so I need time to look at all those possible exhibits. I think there were quite a few."

Hanson then requested to represent himself because he believed counsel could not represent him without knowing the facts of the case and his unique defense. During the court's colloquy regarding Hanson's ability and intention to represent himself, Hanson explained that he suffers from ADHD but was not taking his prescribed medication because the jail considered it a controlled substance and would not permit him to take it. The court ultimately granted Hanson's request to represent himself and appointed Dial as standby counsel for him.

The case proceeded to a jury trial, and the jury found Hanson guilty on all counts. He now appeals, challenging the district court's denial of his motion to continue.

## II. Standard of Review

We review the denial of a motion to continue for an abuse of discretion. *State v. Miller*, 480 N.W.2d 894, 895 (Iowa 1992). "A . . . ruling on a motion for continuance 'will not be interfered with on appeal unless it clearly appears that the trial court has abused its discretion, and an injustice has resulted therefrom.'" *State v. Grimme*, 338 N.W.2d 142, 144 (Iowa 1983) (citation omitted).

## III. Discussion

Iowa Rule of Criminal Procedure 2.9(2), as effective at the time of trial, provided that "[t]he date assigned for trial shall be considered firm. Motions for continuance are discouraged. A motion for continuance shall not be granted

except upon a showing of good and compelling cause."[2]  Hanson poses the critical question, "What is 'good and compelling cause?'"  We can inform him that the facts and circumstances of this particular case did in fact amount to good and compelling cause and the district court abused its discretion when denying the motion to continue.

This motion to continue arose following unique events, none of which were the fault of Hanson.  The public defender's office internally reassigned his case to a new attorney, Dial, but that attorney was out of the country.  As a result, Dial did not have enough time or opportunity to familiarize himself with the facts of this case including Hanson's unusual defense that he was actually working within his role as a confidential informant at the time he was stopped.  Moreover, Hanson and his counsel needed additional time to issue subpoenas to gather evidence from the cell phone he used to communicate about his confidential-informant work.  Attorney Dial was also only provided the State's witness and exhibit list the morning of the trial and had not yet examined the exhibits.

Our supreme court has long held that requiring defense counsel to proceed to trial where defense counsel has inadequate time to prepare for trial defeats justice and is an abuse of discretion.  *State v. French*, 35 N.W.2d 1,14 (Iowa 1948) (noting two days was not sufficient time).  Further, our supreme court has observed, "[w]hether in any case enough time has been afforded for consultation, investigation for witnesses and preparation of the law and facts depends upon the

---

[2] Because the underlying events occurred in July 2022, we consider Iowa Rule of Criminal Procedure 2.9 as effective at that time.  Updated Iowa Rules of Criminal Procedure became effective on July 1, 2023, which substantively amended rule 2.9.

circumstances of the case including the complexity of the factual issues and legal principles involved." *Orcutt v. State*, 173 N.W.2d 66, 71 (Iowa 1969). We acknowledge that two weeks may be ample time for an experienced criminal defense attorney such as Dial to prepare for a routine criminal trial depending on the seriousness of the charges. However, here the court was informed of the limited time counsel and the defendant had to confer and to investigate facts. The court was informed that efforts to retrieve some evidence were unsuccessful and it would be necessary to use subpoenas to obtain the information. The court was also informed that Hanson was willing to waive his right to a speedy trial. Furthermore, attorney Dial had not reviewed the State's witness list or exhibits until the morning of the trial and contended they had just been provided to him.[3]

Given his counsel's lack of familiarity of the intricacies of the case, Hanson's atypical defense, and due to counsel's limited time to prepare for trial, Hanson stated to the court, "There's no way I can have a fair trial. This is totally unfair." Shortly later, Hanson became distraught and decided to represent himself. During the court's colloquy with Hanson regarding his decision to represent himself, Hanson stated, "he does not know my case, so how is it fair for me to represent myself or for him to represent a person he doesn't know." We conclude Hanson found himself faced with a Hobson's choice—no tenable choice at all. He was forced to choose between proceeding to trial with counsel who was not prepared or going it alone and representing himself despite having no knowledge of our rules

---

[3] The lack of the review of the witness list and exhibit list was not identified as a reason needed for a continuance but was a fact provided to the court before the trial began. Further the State agreed it had just generated the exhibit list the morning of the trial.

of criminal procedure or evidence. Forcing a defendant into making such a decision cannot comport with our notions of justice.

This decision is all the more untenable when one also considers the fact that Hanson was not allowed to take his medication for ADHD while in pretrial detention. His counsel noted that Hanson had difficulty focusing when they were able to meet to discuss the case, adding an additional impediment to their ability to prepare for trial. Yet, even after learning about this added circumstance, the district court did not reconsider its decision.

We understand the district court's concerns about managing the court's schedule. District courts are overworked and require meticulous scheduling to accommodate the needs of each case on the court's docket. Moreover, we understand why the district court would disfavor granting a continuance when jurors were either already present or on their way to the courthouse. Even so, when denying the motion would prevent the defendant from receiving a fair trial, it cannot be denied at least where the defendant stands willing to waive his right to speedy trial as here. The motion must be granted to ensure that the defendant receives a fair trial.

Still, the State urges us that no harm was done because Hanson cannot establish any injustice resulted. *See Carter v. Carter*, 957 N.W.2d 623, 632 (Iowa 2021) (recognizing appellate courts will not interfere with a ruling on a motion to continue absent a resulting injustice). It reasons that Hanson's trial would turn out the same regardless of whether or not he had more time to prepare. We find such a conclusion to be presumptuous. Who knows what evidence the subpoenas of the phone records would have turned up if Hanson had the opportunity to serve

them.  We also decline to speculate how a prepared counsel may have approached this case or the arguments to the jury.  And the State turns a blind eye to what actually happened here.  The denial of the motion to continue put Hanson squarely between a rock and a hard place.  There was no tenable way for him to proceed with counsel who was not fully prepared or on his own on the spur of the moment.  Contrary to the State's assertion, Hanson has established injustice resulted.

We reverse the district court's ruling on the motion to continue, vacate Hanson's convictions, and remand for new trial before a different judge.

**REVERSED AND REMANDED FOR NEW TRIAL.**